KAMER ZUCKER ABBOTT
R. Todd Creer          #10016
Shannon L. Chao          #16821
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646
tcreer@kzalaw.com
schao@kzalaw.com

Attorneys for Defendant Coeur Rochester, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JEFFERSON ZYBELL,

Plaintiff,

v.

COEUR ROCHESTER, INC., and DOES 1-50, inclusive,

Defendant(s).

Case No. 3:24-cv-00558-ART-CSD

**DEFENDANT COEUR ROCHESTER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant COEUR ROCHESTER, INC. ("Coeur" or "Defendant"), by and through its counsel of record, the law firm of Kamer Zucker Abbott, hereby answers Plaintiff's Complaint by denying each and every allegation, except as specifically referenced below:

1.    Answering Paragraph 1 of the Complaint, Defendant admits only that it employed Plaintiff Jefferson Zybell as a Fixed Plant Maintenance General Supervisor at Defendant's Rochester mine in Lovelock, Nevada. Defendant states that the remaining allegations in Paragraph 1 of the Complaint are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies the remaining factual allegations contained in Paragraph 1 of the Complaint.

2.    Answering Paragraphs 2, 3, 4, 5, 6, and 11 of the Complaint, Defendant states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the

extent they contain factual allegations, Defendant denies each and every factual allegation contained in Paragraphs 2, 3, 4, 5, 6, and 11 of the Complaint.

3.    Answering Paragraphs 7, 8, 9, and 10 of the Complaint, Defendant states that it is without sufficient knowledge to either admit or deny the allegations contained in said paragraphs and, therefore, denies the allegations contained in Paragraphs 7, 8, 9, and 10 of the Complaint.

4.    Answering Paragraph 12 of the Complaint, Defendant admits only that it employed Plaintiff Jefferson Zybell as a Fixed Plant Maintenance General Supervisor at Defendant's Rochester mine in Lovelock, Nevada from on or about July 20, 2022 to June 18, 2024. Defendant denies each and every remaining allegation in Paragraph 12 of the Complaint.

5.    Answering Paragraph 13 of the Complaint, Defendant admits only that Defendant Coeur Rochester, Inc. is a foreign corporation with a principal place of business at I-80 EXT 119, NE of Lovelock, Lovelock, NV 89419. Defendant further admits that Defendant's Rochester mine is an open pit, heap leach silver-gold operation, located in Pershing County, Nevada. Defendant also admits that during the relevant period, Defendant was an "employer" of Plaintiff under the relevant provisions of state and federal law. Defendant denies each and every other allegation contained in Paragraph 13 of the Complaint.

6.    Answering Paragraph 14 of the Complaint, Defendant states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in Paragraph 14 of the Complaint.

7.    Defendant admits the allegations contained in Paragraph 15 of the Complaint.

8.    Answering Paragraph 16 of the Complaint, Defendant only admits that Plaintiff maintains he had a knee injury, and that Plaintiff, upon information and belief, has required ongoing treatment. Defendant denies each and every remaining allegation contained in Paragraph 16 of the

1  Complaint.

2    9.    Answering Paragraph 20 of the Complaint, Defendant states that the document listed

3  as Exhibit A speaks for itself. Defendant denies each and every remaining allegation contained in

4  Paragraph 20 of the Complaint.

5    10.    Answering Paragraph 21 of the Complaint, Defendant admits only that it hoped

6  Plaintiff would recover from his injuries and regardless, it would and did follow the law regarding

7  Plaintiff's need for an accommodation. Defendant denies each and every remaining allegation

8  contained in Paragraph 21 of the Complaint.

9    11.    Answering Paragraph 22 of the Complaint, Defendant admits only that it promoted

10  Jason Coyle to the position of Fixed Maintenance General Supervisor on or around January 2024 and

11  that Jason Coyle was employed by Coeur as a Senior Fixed Maintenance Planner prior to his

12  promotion. Defendant denies each and every remaining allegation contained in Paragraph 22 of the

13  Compliant.

14    12.    Answering Paragraph 26 of the Complaint, Defendant only admits that it terminated

15  Plaintiff's employment on June 18, 2024. Defendant denies each and every remaining allegation

16  contained in Paragraph 26 of the Complaint.

17    13.    Answering Paragraph 35 of the Complaint, Defendant denies each and every

18  allegation, except as specifically set forth in the preceding paragraphs.

19    14.    Answering Paragraphs 36, 37, and 38 of the Complaint, Defendant states that these

20  allegations are procedural statements and/or legal conclusions that require no answer, but to the extent

21  they contain factual allegations, Defendant denies each and every factual allegation contained in

22  Paragraphs 36, 37, and 38 of the Complaint.

23    15.    Answering Paragraph 44 of the Complaint, Defendant admits only that it employed

24  more than fifteen employees for each working day in each of twenty or more calendar weeks in the

current or preceding calendar year. Defendant denies each and every remaining allegation contained in Paragraph 44 of the Complaint.

16.    Answering Paragraph 50 of the Complaint, Defendant denies each and every allegation, except as specifically set forth in the preceding paragraphs.

17.    Answering Paragraph 51 of the Complaint, Defendant states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in Paragraphs 51 of the Complaint.

18.    Answering Paragraph 52 of the Complaint, Defendant admits only that Plaintiff was an employee of Defendant.

19.    Answering Paragraph 66 of the Complaint, Defendant denies each and every allegation, except as specifically set forth in the preceding paragraphs.

20.    Answering Paragraphs 67, 68, 70, 71, and 72 of the Complaint, Defendant states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, Defendant denies each and every factual allegation contained in Paragraphs 67, 68, 70, 71, and 72 of the Complaint.

21.    Answering Plaintiff's Prayer for Relief, Defendant asserts that Plaintiff is not entitled to any of the requested monetary damages in any amount at all or to any kind of relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant asserts the following affirmative defenses. Defendant does not assume the burden of proof as to any matters that, pursuant to law, are Plaintiff's burden to prove. Defendant reserves the right to rely upon such other affirmative defenses as may be supported by the facts to be determined by full and complete discovery and to voluntarily withdraw any affirmative defenses as necessary.

## FIRST AFFIRMATIVE DEFENSE

Defendant does not admit any of Plaintiff's allegations except as specifically set forth above. For the purposes of this Affirmative Defense only, Defendant alleges that Plaintiff's Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state facts sufficient to justify an award of punitive, special, or liquidated damages for any of the claims for relief asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages may violate the procedural and substantive due process rights guaranteed to Defendant under the United States Constitution and the Constitution of the State of Nevada.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive, special, or liquidated damages constitute an excessive fine violative of the United States Constitution, Eighth Amendment, and the Nevada Constitution, Article I, Section 7, or would violate other said sections.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are unavailable inasmuch as Defendant did not engage in intentional discrimination with malice or reckless indifference to any federally protected rights of Plaintiff as required by Kolstad v. American Dental Assoc., 527 U.S. 526, 535 (1999).

## SIXTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiff, if any, were proximately caused by his own willful acts, negligence, or omissions and/or from the act and/or omissions of persons other than Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any award of damages is barred, in whole or in part, by Plaintiff's failure to undertake

1  reasonable efforts to mitigate his damages.

2  <center>**EIGHTH AFFIRMATIVE DEFENSE**</center>

3      Plaintiff's claims are barred because any actions taken by Defendant were proper, legitimate,

4  justified, reasonable, and based upon good faith and were not motivated by hate, malice, or ill-will, or

5  with the deliberate intent to injure Plaintiff.

6  <center>**NINTH AFFIRMATIVE DEFENSE**</center>

7      Plaintiff's claims are barred because any actions which are alleged to be the result of

8  discrimination and/or retaliatory animus would have still been made or taken without any

9  consideration of the Plaintiff's disability, protected activity, and/or any other protected status.

10  <center>**TENTH AFFIRMATIVE DEFENSE**</center>

11      Plaintiff's Complaint is barred because Defendant had legitimate, non-discriminatory, and

12  non-retaliatory reasons for any action taken with respect to Plaintiff.

13  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

14      Plaintiff's claims are barred because there is no nexus between any alleged protected status of

15  Plaintiff and any alleged adverse employment actions he suffered.

16  <center>**TWELFTH AFFIRMATIVE DEFENSE**</center>

17      Plaintiff's claims are barred because Plaintiff was not treated differently than similarly situated

18  employees because of his disability or any other protected status/activity.

19  <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

20      Plaintiff's claims are barred because Plaintiff's separation from employment was for a

21  reasonable factor other than disability.

22  <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

23      Plaintiff's claims are barred because Defendant did not engage in any intentional, willful,

24  reckless, extreme, or outrageous conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Complaint for penalties are barred in whole or in part because any act or omission giving rise to this action was taken in good faith and with reasonable grounds for believing that the act or omission did not violate the Americans with Dia any other applicable law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the exclusive remedy provisions of the Nevada Industrial Insurance Act.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he failed to exhaust administrative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because at all relevant times he was an at-will employee who could be terminated at any time with or without cause or notice.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive and exemplary damages are barred as Plaintiff failed to plead the matter with requisite particularity.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The nature of the claims asserted by Plaintiff under cover of his Complaint is not specific and is vague and ambiguous. Because Plaintiff has not provided Defendant with specific information regarding his Complaint, Defendant reserves its right to amend its Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of Plaintiff's claims and the facts relating to them are revealed to Defendant.

WHEREFORE, Defendant pray this Court for judgment that:

A.    Plaintiff take nothing in this action;

B.    Defendant be awarded its attorney's fees and costs incurred in defense of this action; and

C.    The Court award Defendant such other and further relief as it deems proper.

DATED this 29th of April, 2025.

Respectfully submitted,

KAMER ZUCKER ABBOTT

By:    _/s/ R. Todd Creer_
R. Todd Creer            #10016
Shannon L. Chao          #16821
6325 South Jones Boulevard, Suite 300
Las Vegas, Nevada 89118
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendant
Coeur Rochester, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 29th day of April, 2025, the undersigned employee of Kamer Zucker Abbott served a copy of the foregoing **DEFENDANT COEUR ROCHESTER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

Joshua R. Hendrickson, Esq.
Hendrickson Law Group, PLLC
325 West Liberty Street
Reno, Nevada 89511
josh@hendricksonlawgroup.com
*Attorney for Plaintiff*

By:   /s/ R. Todd Creer
     An employee of Kamer Zucker Abbott